**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4017

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARLANDO CARR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00046-D-1)

Submitted:  August 18, 2022                           Decided:  October 7, 2022

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harlando Carr appeals his sentence after pleading guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  On appeal, he does not challenge his prison sentence or the length of his supervised release term, but he asserts two challenges to his supervised release conditions.  First, he contends that the district court erred by imposing discretionary conditions of supervised release that it did not announce at sentencing.  Second, he argues the district court erred at sentencing by imposing special conditions of supervised release without explaining why they were necessary or appropriate in his case.  We affirm.

Carr's first argument is based on our decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).  "In *Rogers*, we held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing."  *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022) (citing *Rogers*, 961 F.3d at 296).  "[T]he proper remedy for a *Rogers* error is to vacate the sentence and remand to the district court for resentencing."  *Id*. (citing *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021)).

"But the district court may satisfy this obligation 'through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions."  *United States v. Elbaz*, 39 F.4th 214, 231 (4th Cir. 2022) (quoting *Rogers*, 961 F.3d at 299) (concluding Guidelines standard conditions were the most obvious meaning of court's pronouncement of "'standard and statutory conditions of supervised release'"); *see Cisson*, 33 F.4th at 194 (concluding the court incorporated the Guidelines standard conditions when it imposed "the 'standard' conditions of supervised release," where there was no standing order that differed from the Guidelines standard conditions).

2

"[W]hen a defendant claims that a district court committed a *Rogers* error, we 'review the consistency of [the defendant's] oral sentence and the written judgment de novo.'" *Cisson*, 33 F.4th at 193 (quoting *Rogers*, 961 F.3d at 296). However, where "the issue is not consistency," but "whether the conditions were incorporated clearly enough," and the defendant failed to raise the claim in the district court, we review the claim for plain error. *Elbaz*, 39 F.4th at 231 & n.16.

At Carr's sentencing, the district court announced "the mandatory and standard conditions" of supervised release, and additional special conditions. The written judgment imposed mandatory conditions, the 13 standard conditions in USSG § 5D1.3(c), and the special conditions that were announced at sentencing. At the time of Carr's sentencing, the district court had a standing order providing that the standard conditions of supervised release were the 13 standard conditions in § 5D1.3(c) and two additional conditions.

On appeal, Carr contends that because the district court did not specify which standard conditions applied at his sentencing, his written judgment contains discretionary conditions that were not announced at sentencing. But, when "'comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law,'" *Rogers*, 961 F.3d at 296, we find no error, because the judgment only contains the 13 standard conditions included in both USSG § 5D1.3(c) and the court's standing order. Moreover, as "the issue is not consistency," but "whether the conditions were incorporated clearly enough," and Carr failed to raise the claim in the district court, we review it for plain error. *See Elbaz*, 39 F.4th at 231 & n.16. Here, even assuming the court plainly erred by failing to specify which set of standard conditions it imposed, we conclude that Carr has

3

not shown that his substantial rights were affected, since only the 13 standard conditions in both USSG § 5D1.3(c) and the standing order were included in his written judgment.

We next consider Carr's second argument that the district court failed to adequately explain the special conditions imposed by the court at sentencing. The Government asserts that Carr waived this issue in his plea agreement. Carr does not concede the point but does not provide contrary authority or dispute that his waiver was knowing and voluntary.

In *Singletary*, we decided that the defendant's waiver of his right to appeal his conviction and "whatever sentence is imposed" "applie[d] only to challenges to a sentence actually imposed on a defendant," but his *Rogers* claim was "that discretionary conditions appearing for the first time in a written judgment in fact have *not* been 'imposed' on the defendant." *Singletary*, 984 F.3d at 345. Thus, we concluded his *Rogers* claim fell outside the scope of the waiver; and because we found his *Rogers* claim meritorious, we did not reach his other arguments. *Id*. at 343-47. In this case, however, Carr's second argument challenging the explanation for special conditions imposed by the court at his sentencing hearing does *not* fall outside the scope of his appeal waiver under *Singletary*.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant

4

understood the import of his concessions, we generally will hold that the waiver is valid." *Id*. "When we interpret plea agreements, we apply principles of contract law to ensure that each party receives the benefit of the bargain, and look to the plain language of the agreement, construing it in the ordinary sense." *Id*. (internal quotation marks omitted). We review the issue of whether Carr's appeal waiver is enforceable de novo. *Id*.

Here, Carr does not dispute the validity of his appeal waiver but questions whether his second claim falls within its scope. Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Carr's appeal waiver is valid, and his second argument falls within the scope of the waiver. Carr waived the right to appeal "whatever sentence is imposed on any ground," and his challenge to the district court's explanation for the special conditions imposed at sentencing falls within the scope of the waiver based on its plain language. He is thus precluded from asserting this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*