**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4016**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAVON HARDAWAY, a/k/a Say,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00206-D-2)

Submitted:  February 23, 2023                      Decided:  April 4, 2023

Before WILKINSON and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Savon Hardaway appeals his convictions and the 151-month sentence imposed following his guilty plea to three counts of distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  On appeal, Hardaway argues that his § 922(g) conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019); that the district court erred by sentencing him as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2018); and that his sentence is substantively unreasonable. The Government contends that Hardaway's § 922(g) conviction remains valid and that any error in sentencing him was harmless.[2]  For the following reasons, we affirm.

Beginning with Hardaway's § 922(g) conviction, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  When a defendant does not raise a *Rehaif* argument before the district court, our review is for plain error.  *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021).

---

[1] Section 924(a)(2) was amended following Hardaway's conviction and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

[2] The Government initially moved to dismiss Hardaway's appeal as barred by the appellate waiver contained in his plea agreement but has since asked to withdraw that motion.  Accordingly, we deny the motion to dismiss as moot.

2

"In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. When a defendant makes such an argument on appeal, we "must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* A defendant will usually struggle to make such as showing "based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Id.* at 2097 (internal quotation marks omitted).

Hardaway has not made the requisite showing. Although the district court did not properly identify all the elements of the § 922(g) offense during the Fed. R. Crim. P. 11 hearing, the Government highlighted during that hearing that the plea agreement—which Hardaway signed—listed as an element of the offense that Hardaway knew "he had been convicted of a crime punishable by a term of imprisonment exceeding one year." (J.A. 96).[3] Moreover, several of his prior felony convictions resulted in his being sentenced to 14 to 26 months' imprisonment, and he served over 12 months of that sentence. Accordingly, we conclude that Hardaway has not adequately shown that, if he had been correctly advised, "he would have presented evidence in the district court that he did not

---

[3] Citations to "J.A." refer to the Joint Appendix filed in this appeal.

3

in fact know he was a felon when he possessed firearms." *United States v. Heyward*, 42 F.4th 460, 466 (4th Cir. 2022) (internal quotation marks omitted).

Moving to Hardaway's sentence, the parties agree that Hardaway should not have been classified as a career offender under USSG § 4B1.1 because his prior conviction for North Carolina attempted common law robbery is not a crime of violence for the purposes of USSG § 4B1.2(a). We need not resolve this question because, even if the district court erred by sentencing Hardaway as a career offender, that error was harmless.

"[R]ather than review the merits of" a defendant's challenge to his advisory Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that the alleged Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). "[W]e can find any error harmless if we have (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gondres-Medrano*, 3 F.4th 708, 721 (4th Cir. 2021) (internal quotation marks omitted).

Here, the district court stated at sentencing that—"pursuant to" our cases establishing harmless error review—"[i]f the Guideline[s] were in a noncareer offender calculation, [it] would impose the same sentence under the [18 U.S.C. §] 3553(a) factors as an upward variance." (J.A. 78). The district court then explained the factors it thought

4

would justify its chosen sentence in that circumstance. Thus, we can confidently hold that "the district court would have reached the same result even if it had decided the [G]uidelines issue the other way." *Gondres-Medrano*, 3 F.4th at 721 (internal quotation marks omitted); *see also United States v. Cisson*, 33 F.4th 185, 190 (4th Cir. 2022) ("[W]e know a district court would have reached the same result when it tells us that it would have done so and explains why.").

As to the second prong of the harmlessness analysis, substantive reasonableness review requires us to consider "the totality of the circumstances," including the extent of the variance, to determine "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Gomez-Jimenez*, 750 F.3d at 383 (internal quotation marks omitted). Although "we presume that sentences within the advisory Guidelines range are substantively reasonable, even sentences that vary outside the Guidelines range are entitled to due deference." *Id.* Based on our review of the record and the district court's thorough explanation of its chosen sentence, we conclude that the 151-month sentence would be substantively reasonable even if Hardaway did not have a prior conviction for a crime of violence and, thus, had not been sentenced as a career offender.[4] Thus, the district court's potential error in applying the career offender enhancement is harmless.

---

[4] Accordingly, we also reject Hardaway's argument from his opening brief that, even if the district court did not err by sentencing him as a career offender, the 151-month sentence the court imposed is substantively unreasonable.

We therefore affirm the district court's judgment and deny the Government's motion to dismiss as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*