**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 20-4525**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ANDREW CHANCE, III,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:18-cr-00445-TLW-1)

―――――――――

Submitted:  March 27, 2023                        Decided:  April 5, 2023

―――――――――

Before AGEE and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

―――――――――

Affirmed and remanded by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Chance, III, appeals the sentence imposed by the district court following his guilty plea to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) (2018). The district court sentenced Chance to 96 months' imprisonment, followed by three years of supervised release. On appeal, Chance asserts that one of the discretionary conditions of supervised release in his amended criminal judgment is inconsistent with the court's oral pronouncement of that condition at sentencing and that the court failed to orally pronounce all of the discretionary supervised release conditions that appear in the amended judgment. We affirm but remand for correction of a clerical error.

"[A] district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (citing *United States v. Rogers*, 961 F.3d 291, 300-01 (4th Cir. 2020)). To "satisfy its obligation to orally pronounce discretionary conditions," a district court may do so "through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. When, as here, "a defendant claims that a district court committed a *Rogers* error, we review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

On appeal, Chance contends that the district court failed to orally announce or incorporate the 13 standard conditions of supervised release listed in the amended criminal judgment.  Here, the district court ordered Chance to "comply with the mandatory and standard conditions of supervision outlined at [18 U.S.C. § 3583(d)]."  (J.A. 290-91).*  Chance argues that, because § 3583(d) does not list standard conditions, and instead only describes the criteria for imposing discretionary conditions, the district court could not have imposed the 13 standard conditions listed in the amended judgment by reference to § 3583(d).  Although Chance is correct that § 3583(d) does not list standard conditions, *Cisson* forecloses his claim.  In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted).  We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines.  *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018).  "Thus, there [was] no other set of 'standard' conditions to which the [district] court could have been referring other than the Guidelines 'standard' conditions."  *Cisson*, 33 F.4th at 194.  Because there were no other standard conditions of supervision to which district court could have been referring in this case, the district court sufficiently pronounced through incorporation the standard conditions in the Guidelines.  *See id.*

Chance also argues the district court committed *Rogers* error because the description of the first condition in the amended judgment materially differed from the court's oral

---

* "J.A." refers to the Joint Appendix filed by the parties in this appeal.

3

pronouncement of that condition at sentencing. At sentencing, the district court ordered that, upon his release from custody, Chance report to the probation office in the federal judicial "district to which [he] is released." (J.A. 290). The amended judgment, however, instructed that, upon his release, Chance report to the probation office in the "district where [he is] authorized to reside." (J.A. 331). Chance asserts that this facial discrepancy constituted *Rogers* error.

To be sure, a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error. *See Cisson*, 33 F.4th at 194 & n.6. However, Chance fails to demonstrate a reversible inconsistency under *Rogers*. The district court at the sentencing hearing not only orally pronounced through incorporation the standard conditions in USSG § 5D1.3(c), p.s., which included the condition that Chance report to the probation office in the district where he is authorized to reside, but also ordered Chance to report to the district in which he is released. Thus, the district court's oral pronouncement itself was inconsistent as it left ambiguous where Chance must report upon his release from custody. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299 (citing *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003)). We are satisfied that the written judgment's inclusion of the reporting condition in USSG § 5D1.3(c)(1), p.s., dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require Chance to report to the probation office in the district where he is authorized to reside.

Accordingly, we affirm the amended judgment.  We remand, however, for the district court to correct a clerical error.  *See* Fed. R. Crim. P. 36.  Although the amended judgment references 18 U.S.C. § 924(e), the district court did not sentence Chance as an armed career criminal; we remand for correction to delete the errant reference.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND*
*REMANDED*