**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4015

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ROBERT GALLION,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:17-cr-00051-MR-WCM-1)

_____

Submitted:  September 22, 2022                    Decided:  September 26, 2022

_____

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Robert Gallion pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).* The district court sentenced him to 120 months' imprisonment. On appeal, Gallion argues that the upward-variant sentence is unreasonable and that the district court erred by failing to pronounce the conditions of supervised release included in the written judgment. The Government moves to dismiss the appeal pursuant to the appeal waiver contained in the plea agreement, and Gallion opposes the motion.

Upon review of the record, we conclude that Gallion knowingly and voluntarily waived his right to appeal. Gallion's challenge to the reasonableness of his sentence falls squarely within the scope of his waiver of appellate rights, and enforcement of the waiver will not, in this context, result in a miscarriage of justice. Accordingly, we grant the Government's motion to dismiss this portion of the appeal.

Gallion's contention that the district court failed to pronounce the conditions of supervised release, however, falls outside the scope of the appellate waiver. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). We therefore deny the Government's motion as to that portion of the appeal. Upon review, we conclude that the

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Gallion was convicted before the June 25, 2022, amendment of the statute.

2

district court adequately pronounced the conditions of supervised release contained in the written judgment. *See United States v. Cisson*, 33 F.4th 185, 194 (4th Cir. 2022). We therefore affirm this portion of Gallion's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*