**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4630**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TONY LEE COVINGTON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:19-cr-00421-MGL-1)

_____

Submitted:  April 3, 2023                  Decided:  April 11, 2023

_____

Before HARRIS and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Columbia, South Carolina, Amy F. Bower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lee Covington pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  The district court sentenced him to 51 months' imprisonment and a three-year term of supervised release.  On appeal, Covington asserts that one of the discretionary conditions of supervised release in his written judgment is inconsistent with the district court's oral pronouncement of that condition at sentencing.  For the reasons that follow, we affirm.

"[A] district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing."  *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).  "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."  *Id.* (citing *United States v. Rogers*, 961 F.3d 291, 300-01 (4th Cir. 2020)).  To "satisfy its obligation to orally pronounce discretionary conditions," a district court may do so "through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment."  *Rogers*, 961 F.3d at 299.  "We review the consistency of [a defendant's] oral sentence and the written judgment de novo."  *Id.* at 296; *see United States v. Cisson*, 33 F.4th 185, 192-93 (4th Cir. 2022).

When imposing the conditions of supervised release at sentencing, the district court stated, "Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is

2

released." (J.A. 56).* Immediately thereafter, the district court ordered Covington to "comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. [§] 3583(d) and [U.S. Sentencing Guidelines Manual §] 5D1.3(c)." (J.A. 56). The district court's subsequent written judgment included the 13 standard conditions of supervised release in USSG § 5D1.3(c), p.s., including the following condition: "You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame." (J.A. 63).

On appeal, Covington argues that the district court committed *Rogers* error because the description of the reporting condition in the written judgment materially differed from the court's oral pronouncement of that condition at sentencing. To be sure, a material discrepancy between a discretionary condition as pronounced and as detailed in the written judgment may constitute *Rogers* error. *See Cisson*, 33 F.4th at 194 & n.6. However, Covington fails to demonstrate a reversible inconsistency between the oral sentence and the written judgment amounting to *Rogers* error. Although the district court at sentencing ordered Covington to report to the district in which he was released, the court also incorporated the reporting condition in USSG § 5D1.3(c), p.s., leaving ambiguous where Covington was required to report upon his release from prison. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent. *Rogers*, 961 F.3d at 299 (citing *United States v. Osborne*, 345

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

F.3d 281, 283 n.1 (4th Cir. 2003)).  We are satisfied that the written judgment's inclusion of the reporting condition in USSG § 5D1.3(c)(1), p.s., dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require Covington to report to the probation office in the district where he is authorized to reside.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*