**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4345

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON LEE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:11-cr-02109-RMG-1)

Submitted:  June 5, 2023                                    Decided:  June 8, 2023

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. M. Rhett Dehart, Acting United States Attorney, Christopher B. Schoen, Assistant United States Attorney, Charleston, South Carolina, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Lee, who finished serving a 120-month sentence for his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), appeals the district court's judgment continuing his supervised release after Lee committed several violations of the terms of his supervised release. The judgment includes a standard risk assessment condition and a nude materials restriction as a special condition. On appeal, we granted Lee's motion to hold this this case in abeyance pending our decision in *United States v. Cohen*, 63 F.4th 250 (4th Cir. 2023). For the reasons that follow, we now affirm in part and vacate and remand in part.

On appeal, Lee first argues that this court should vacate his sentence because the standard risk assessment condition in his written judgment is not identical to the Sentencing Guidelines' standard risk assessment condition in U.S. Sentencing Guidelines Manual § 5D1.3(c) (2021), which the court incorporated by reference at the hearing on Lee's supervised release violations. "[A]ll non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). When a defendant did not have an opportunity to object in the district court, we review de novo whether the sentence imposed in a written judgment is consistent with the district court's oral pronouncement of the sentence. *Id.* at 295-96; *see United States v. Cisson*, 33 F.4th 185, 192-93 (4th Cir. 2022). We "compar[e] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Id.* at 296. "[I]f a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls," *id.*, but if the oral sentence is

2

ambiguous, "we may look to the written judgment to clarify the district court's intent," *id.* at 299.

We find no *Rogers* error here.  Having reviewed the district court's oral pronouncement, we find it ambiguous, as it appears the district court incorporated both the standard conditions set forth in the probation officer's supervised release violation report and the standard conditions set forth in USSG § 5D1.3(c).  We therefore look to the written judgment to clarify the district court's intent.  *See Rogers*, 961 F.3d at 299.  Because the standard risk assessment condition in Lee's written judgment tracks the standard risk assessment condition in the probation officer's supervised release violation report, we conclude that the district court intended the standard risk assessment condition in that report to control.

Lee next argues that the district court abused its discretion in imposing special condition 12, the nude materials restriction, in the written judgment.  The nude materials restriction can be broken down into four clauses:

> [1.]    [Lee] must not possess, access, subscribe to, or view any videos, magazines, literature, photographs, images, drawings, video games, or Internet web sites depicting children or adults in the nude and/or engaged in sexual activity[], and

> [2.]    [Lee] may not patronize businesses or places whose primary purpose is to provide sexually-oriented material or entertainment[,] [and] . . .

> [3.]    [Lee] must not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256[,] [and] . . .

3

> [4.]    [Lee] must not enter a place where such materials can be obtained or viewed, electronically or otherwise.

*See Cohen*, 63 F.4th at 256.  Lee contests only the first and fourth clauses, arguing that the court abused its discretion because the restrictions are not reasonably related to the factors set forth in 18 U.S.C. § 3583(d)(1), restrict more liberty than reasonably necessary to support the purposes of sentencing set forth in § 3583(d)(2), and are unconstitutionally vague.

"District courts have broad latitude to impose conditions on supervised release." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted).  "When a defendant challenges the imposition of a special condition of supervision by asserting that it is overbroad under § 3583(d), we review the district court's decision to impose the condition for abuse of discretion." *United States v. Comer*, 5 F.4th 535, 546 (4th Cir. 2021).  We conclude that Lee sufficiently objected to the imposition of an adult pornography restriction, alerting the district court to the claims he raises on appeal.

Given our recent decision in *Cohen*,[*] we agree that the first clause of special condition 12 is overbroad.  *See* 63 F.4th at 256-57.  We disagree, however, with Lee's argument that the fourth clause of special condition 12 is unconstitutionally vague, overbroad, or not reasonably related to the § 3583(d)(1) factors.  Like the defendant in *Cohen*, Lee interprets the phrase "such materials" in the fourth clause as referring to any location where the materials referred to in the first clause can be obtained or viewed.  *See*

---

[*] The district court did not have the benefit of our decision in *Cohen*.

4

*Cohen*, 63 F.4th at 257.  But as we held in *Cohen*, a plain reading of special condition twelve shows that "such materials" in the fourth clause refers to the materials referenced in the third clause: that is, materials depicting or describing child pornography or simulated child pornography.  *See id*.  Because Lee's argument about the fourth clause's overbreadth, vagueness, and relatedness to the § 3583(d)(1) factors rests on Lee's erroneous interpretation of clause four, his argument fails.

Accordingly, we vacate the first clause of special condition 12 and remand for entry of a modified judgment striking that clause and for further proceedings consistent with this opinion.  *See id.* at 259.  We affirm the district court's judgment in all other respects.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*