**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4223**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN WHITAKER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:19-cr-00129-BO-1)

_____

Submitted:  October 24, 2023                          Decided:  November 15, 2023

_____

Before HARRIS, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Whitaker appeals the 147-month sentence imposed on remand after we vacated his initial sentence under *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), and *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Whitaker challenges the sufficiency of the district court's explanation of its chosen sentence and the reasonableness of warrantless search and urinalysis discretionary conditions of supervised release. He also asserts that there is a *Rogers* error in the imposition of the warrantless search condition. Because we agree that there is a *Rogers* error, we again vacate Whitaker's sentence and remand for resentencing.

A district court must pronounce all discretionary conditions of supervised release at the sentencing hearing. *Rogers*, 961 F.3d at 300. We review de novo whether the district court satisfied its obligation to do so. *Id.* at 295-96; *see also United States v. Cisson*, 33 F.4th 185, 192 (4th Cir. 2022). "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Rogers*, 961 F.3d at 299 (internal quotation marks omitted). But often the lack of a "match" between written and orally pronounced discretionary conditions of supervised release "is reversible *Rogers* error," at least where the Government offers no explanation for the inconsistency. *United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *2 (4th Cir. Jan. 12, 2022); *cf. Cisson*, 33 F.4th at 193-94 & n.6 (rejecting defendant's *Jenkins*-based argument of inconsistency between oral condition

2

and written condition when Government offered explanation suggesting there was no inconsistency present and defendant did not respond to proffered explanation).

Here, the warrantless search condition as pronounced and as written in the criminal judgment do not match, and the Government has not explained the inconsistency. Further, the written judgment cannot "be construed fairly as a clarification" of the oral pronouncement, as the differences render the condition as written in the criminal judgment both broader and narrower than the one pronounced at sentencing. *Rogers*, 961 F.3d at 299. The condition as pronounced subjected Whitaker to warrantless searches of his "person and premises, including any vehicle." (J.A. 81-82).[1] However, the condition as written in the criminal judgment provides for warrantless searches of Whitaker's "person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects." (J.A. 89). Further, the condition as pronounced did not mention reasonable suspicion, whereas the condition as written permitted warrantless searches "upon reasonable suspicion concerning a violation of a condition of supervised release." (J.A. 89). The written judgment therefore did not clarify the court's pronouncement; rather, it contained a materially different condition of supervised release.

Accordingly, we conclude that the district court failed to pronounce a discretionary condition of supervised release, and we vacate Whitaker's sentence and remand for

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

resentencing.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Because Whitaker's entire sentence must be vacated in light of the *Rogers* error, we decline to address the other issues Whitaker raises on appeal.  *See Singletary*, 984 F.3d at 346.