**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4390**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOE JUNIOR MACKEY, a/k/a Joe Joe,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:22-cr-00028-HMH-1)

─────────────

Submitted:  November 21, 2023             Decided:  November 27, 2023

─────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, John Whitney Sowards, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Junior Mackey appeals from his sentence imposed pursuant to his guilty plea to conspiracy to steal firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. § 371, and theft of firearms from a federally licensed firearms dealer and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(u), 924(a)(2). The district court sentenced Mackey to 180 months' imprisonment, followed by 3 years of supervised release. On appeal, Mackey argues that the district court erred by including in the written judgment discretionary conditions of supervised release that were not orally pronounced at sentencing. We affirm.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)). As is relevant here, a district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. We review Mackey's claim of *Rogers* error de novo. *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022).

In *Cisson*, a case with similar facts, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted). We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the

2

Guidelines.  *Id.*; *see* <u>U.S. Sentencing Guidelines Manual</u> § 5D1.3(c), p.s. (2021).  "Thus, there [wa]s no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions."  *Cisson*, 33 F.4th at 194.

Mackey contends that the South Carolina district court failed to orally announce the 13 standard conditions of supervised release listed in the criminal judgment.  We disagree, as our holding in *Cisson* forecloses his claim.  While Mackey claims that the record fails to make clear which conditions the court imposed due to a misstatement by the probation officer, the court did not refer to the probation officer's comment in announcing the applicable discretionary conditions of supervised release.  Rather, the court plainly stated that it would impose the standard conditions of supervision.  Because there was no set of conditions other than the Guidelines standard conditions to which the district court could have been referring in this case, and Mackey's judgment does not impose any additional discretionary conditions of supervised release that were not included in the court's oral pronouncement, we conclude that the district court sufficiently pronounced the standard conditions in the Guidelines as reflected in the presentence report and, thus, did not err under *Rogers*.  *See Cisson*, 33 F.4th at 194.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3