**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4073**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL BRANDON VAUGHN, a/k/a Mikey,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:21-cr-00261-RDA-1)

———————

Submitted:  December 19, 2023                  Decided:  December 21, 2023

———————

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Aidan Grano-Mickelsen, Assistant United States Attorney, Richmond, Virginia, Philip Alito, Assistant United States Attorney, Christopher M. Carter, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a three-day trial, a federal jury convicted Michael Brandon Vaughn of five counts of distribution of fentanyl resulting in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of distribution of fentanyl resulting in serious bodily injury and death, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).   The district court sentenced Vaughn to 360 months' imprisonment to be followed by 5 years of supervised release.   On appeal, Vaughn challenges the sufficiency of the Government's evidence as to the first six counts and the imposition of a two-level firearm sentencing enhancement and asserts that the district court erred by including in the written judgment conditions of supervised release that were not orally announced at sentencing.   For the reasons explained below, we affirm the criminal judgment.

First, Vaughn challenges the sufficiency of the evidence to support his convictions under § 841(a)(1), (b)(1)(C) and contends that the district court erroneously denied Vaughn's motion for judgment of acquittal.  Fed. R. Crim. P. 29(a).  "We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted).  In doing so, we must "draw[ ] all reasonable inferences from the facts" "in the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted).  "We will uphold the verdict if . . . it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

"Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id*. (internal quotation marks omitted).

We have carefully reviewed the record and have identified no reversible error in the district court's denial of Vaughn's Rule 29 motion for a judgment of acquittal. Specifically, two Government witnesses linked the fentanyl-laced cocaine to Vaughn, and there was video evidence to corroborate the witnesses' accounts of how the cocaine was distributed prior to its use. Further, in a recorded conversation after the events in question, one of these witnesses acknowledged that Vaughn received the laced cocaine earlier that night, and a fellow inmate who was housed with Vaughn in pretrial detention testified that Vaughn admitted providing the fentanyl-laced cocaine. Taken in the light most favorable to the Government, *see Denton*, 944 F.3d at 179, and given our assumption "that the jury resolved any conflicting evidence in the prosecution's favor," *Savage*, 885 F.3d at 219 (internal quotation marks omitted), this evidence supports the jury's guilty verdicts.

Vaughn next assigns error to the district court's imposition of a two-level sentencing enhancement for his possession of a firearm in connection with the underlying drug trafficking offenses. The Sentencing Guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed"

3

in connection with a drug trafficking offense. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2021). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id*. cmt. n.11(A). "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id*. (internal quotation marks omitted).

Upon review of the relevant evidence, which includes letters written by Vaughn and surveillance footage, we discern no clear error in the district court's conclusion that Vaughn possessed a firearm on the night in question and that the firearm was connected to Vaughn's drug trafficking activities. Accordingly, we reject this assertion of sentencing error.

We turn, then, to the final appellate issue, which relates to the district court's oral pronouncement of the terms of Vaughn's supervised release. It is now well established that the district court must announce "all non-mandatory conditions of supervised release" at sentencing. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). A district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written

4

judgment." *Id.* at 299. "[W]e review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

Vaughn contends that the district court failed to orally announce or incorporate the 13 standard conditions of supervised release listed in the criminal judgment. We hold that our ruling in *Cisson* forecloses this claim. In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted). We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2021). "Thus, there is no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions." *Cisson*, 33 F.4th at 194.

So too here. The record shows that the district court ordered that Vaughn's "five-year term of supervised release shall be subject to the standard conditions of supervision" (J.A. 528)* and, earlier in the proceedings, directed that "the presentence report be made part of the record" (J.A. 498). The presentence report specifically listed the 13 standard conditions. Because there were no other standard conditions of supervision to which the district court could have been referring in this case, the district court sufficiently pronounced through incorporation the standard conditions in the Guidelines. *See Cisson*, 33 F.4th at 194.

---

* Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

5

For these reasons, we affirm the criminal judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*