**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4672**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

ANTHONY BUTKIEWICZ, III,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:19-cr-00029-RAJ-RJK-1)

_____

Submitted:  December 3, 2024                          Decided:  January 16, 2025

_____

Before WYNN and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE UNITED STATES PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Vetan Kapoor, Assistant United States Attorney, Alexandria, Virginia, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Butkiewicz, III, appeals the district court's order revoking supervised release, sentencing Butkiewicz to 90 days' imprisonment, imposing new conditions of supervised release, and ordering Butkiewicz to comply with the standard and special conditions of supervision that were imposed as part of Butkiewicz's original sentence. Butkiewicz asserts that a remand is warranted because the court failed to orally announce the standard and special conditions of supervised release. We agree and vacate the sentence and remand for resentencing.

We "review the consistency of the oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 192 (4th Cir. 2022) (internal quotation marks omitted). A sentencing court is required to orally pronounce all discretionary conditions of supervised release it imposes. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). "[T]he heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have *not* been imposed on the defendant." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (internal quotation marks omitted). The remedy for *Rogers* error is remand for resentencing. *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024) ("Our precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing."), *cert. denied*, No. 23-7568, 2024 WL 4426906 (U.S. Oct. 7, 2024).

The district court neither announced the standard or special conditions nor incorporated those conditions by reference to the original judgment. The district court's written order revoking supervised release did not clarify an ambiguous announcement. At

2

the revocation hearing, there was no mention of the standard and special conditions of supervision that had been previously imposed except as needed to discuss Butkiewicz's violations.

Accordingly, we vacate the district court's order revoking supervised release and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*