**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4223

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIQUE MAYS, a/k/a Eye Tunes,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:22-cr-00123-JAG-DEM-1)

Submitted:  June 16, 2025                                    Decided:  July 8, 2025

Before KING and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Andrew M. Stewart, SLOANE STEWART, PLLC, Fairfax, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kristin G. Bird, Assistant United States Attorney, Norfolk, Virginia, Alyssa K. Miller, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal judge convicted Jamique Mays of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1). The district court sentenced Mays to a total of 159 months' imprisonment and five years of supervised release. On appeal, Mays challenges his convictions, arguing that there was insufficient evidence to convict him of the offenses. He also contends that, under *United States v. Rogers,* 961 F.3d 291 (4th Cir. 2020), his sentence must be vacated because the oral pronouncement of sentence and the written judgment are inconsistent. We affirm.

Rule 29 of the Federal Rules of Criminal Procedure requires a district court, on the defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This court reviews the district court's denial of a Rule 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023). In conducting this review, we "view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id*. (cleaned up). "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id*. (internal quotation marks omitted). In assessing whether substantial evidence is present, this court is "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*,

2

55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted). Defendants "bear a heavy burden" under this standard. *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

To obtain a conviction for Hobbs Act robbery under 18 U.S.C. § 1951, the Government had to prove that Mays "[1] unlawfully [took or obtained] personal property [2] from the person or presence of another, against his will, [3] by means of actual or threatened force, or violence, or fear of injury, and, in doing so, [4] in any way or degree obstruct[ed], delay[ed], or affect[ed] interstate commerce." *United States v. Whitley*, 105 F.4th 672, 678 (4th Cir. 2024) (internal quotation marks omitted). To prove Mays conspired to commit the robbery, the Government had to show "that [Mays] agreed with another to commit actions that, if realized, would violate the Hobbs Act." *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc). In addition, to obtain a conviction for possession of a firearm by a felon, the Government had to show that Mays knew he was a felon and that he knowingly possessed a firearm that had traveled in interstate commerce. *See in re McNeill*, 68 F.4th 195, 201 (4th Cir. 2022). Finally, as to the charge of using a firearm during a crime of violence, the Government had to prove that Mays used or carried a firearm and did so during and in relation to a crime of violence." *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (internal quotation marks omitted).

Viewing the evidence in the light most favorable to the Government, we conclude that a reasonable fact-finder could determine Mays's guilt for each of the charges beyond a reasonable doubt. The Government presented the testimony of a coconspirator regarding the planning and commission of the robbery, one of the victims who saw the offenders

3

carrying firearms during the robbery, and evidence from the conspirators' email and Facebook accounts corroborating the planning of the offense. Moreover, one of Mays's coconspirators testified that she purchased the firearm Mays carried during the robbery for Mays because he was a felon and could not purchase it himself. While Mays attacks the credibility of this witness, credibility determinations are for the jury. We therefore conclude that the Government provided sufficient evidence of Mays's guilt of the offenses of conviction.

Mays next argues that the district court committed a *Rogers* error in pronouncing the sentence. We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). A district court must orally pronounce at sentencing all discretionary conditions of supervised release. *Rogers*, 961 F.3d at 296. A "district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.*

Mays argues that the district court committed *Rogers* error because the first standard condition in the judgment materially differs from the court's oral pronouncement of that condition at sentencing. Specifically, at sentencing, the district court ordered that, upon his release from custody, May must report to the probation office in the federal judicial district to which he is released. The judgment, however, instructs that Mays must report to the

4

probation office in the district where he is authorized to reside. Mays asserts that this facial discrepancy constitutes *Rogers* error.

However, Mays fails to demonstrate a reversible inconsistency under *Rogers*. The district court at the sentencing hearing orally pronounced through incorporation the Guidelines standard conditions as stated in the presentence report, which included the condition requiring Mays to report to the probation office in the district where he is authorized to reside, but also ordered Mays to report in the district to which he is released. Thus, the district court's oral pronouncement itself was inconsistent, as it left ambiguous where Mays must report upon his release from custody. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299. We are satisfied that the written judgment's inclusion of the Guidelines standard reporting condition dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require Mays to report to the probation office in the district where he is authorized to reside.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*