**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4889**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED DOMENICK WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:17-cr-01202-MGL-1)

Submitted:  April 19, 2023                          Decided:  May 11, 2023

Before HARRIS and RUSHING, Circuit Judges, and KEENAN, Senior Circuit judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Domenick Wright appeals from his sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. Wright was sentenced to 140 months' imprisonment to be followed by three years' supervised release. On appeal, Wright asserts that the district court erred by including in the written judgment conditions of supervised release that were not orally announced at sentencing. We affirm.

The district court must announce all non-mandatory conditions of supervised release at sentencing. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). A district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "[W]e review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (brackets and internal quotation marks omitted).

Wright contends that the district court failed to orally announce or incorporate the 13 standard conditions of supervised release listed in the criminal judgment. The district court ordered Wright to "comply with the mandatory and standard conditions of

2

supervision that are outlined in 18 U.S.C. [§] 3583(d)." (J.A. 86).[*] Wright argues that, because § 3583(d) does not list standard conditions, and instead only describes the criteria for imposing discretionary conditions, the district court could not have imposed the 13 standard conditions listed in the judgment by reference to § 3583(d). Although Wright is correct that § 3583(d) does not list standard conditions, *Cisson* forecloses his claim. In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted). We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.*; see U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018). "Thus, there is no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions." *Cisson*, 33 F.4th at 194. Because there were no other standard conditions of supervision to which the district court could have been referring in this case, the district court sufficiently pronounced through incorporation the standard conditions in the Guidelines. *See id.*

Wright also argues the district court committed *Rogers* error because the description of the first condition in the judgment materially differed from the court's oral pronouncement of that condition at sentencing. At sentencing, the district court ordered that, upon his release from custody, Wright report to the probation office in the federal judicial "district to which he is released." (J.A. 86). The judgment, however, instructed

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

that, upon his release, Wright report to the probation office in the "district where [he is] authorized to reside[.]" (J.A. 99). Wright asserts that this discrepancy constitutes *Rogers* error.

A material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error. *See Cisson*, 33 F.4th at 194 & n.6. However, Wright fails to demonstrate a reversible inconsistency under *Rogers*. The district court at the sentencing hearing not only orally pronounced through incorporation the standard conditions in USSG § 5D1.3(c), p.s., which included the condition that Wright report to the probation office in the district where he is authorized to reside, but also ordered Wright to report to the district to which he is released. As in *Cisson*, the government argues that there is no inconsistency between the oral and written conditions because the district to which the defendant is released is the district in which he is authorized to reside. Wright disputes this. But this court need not resolve this conflict, because "where the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299 (citing *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003)). So, even assuming the difference in phrasing created ambiguity, we are satisfied that the written judgment's inclusion of the reporting condition in USSG § 5D1.3(c)(1), p.s., confirms the court's intent to require Wright to report to the probation office in the district where he is authorized to reside.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

4

*AFFIRMED*