**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4674**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOHAMMED HAKIM UPCHURCH,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00006-FL-1)

───────────────

Submitted:  December 28, 2022                Decided:  June 23, 2023

───────────────

Before GREGORY, Chief Judge, and WILKINSON and RUSHING, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Lucy Partain Brown, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammed Hakim Upchurch pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1]  The district court sentenced Upchurch to 60 months' imprisonment followed by 3 years of supervised release.  Upchurch appealed, and we granted the Government's unopposed motion to vacate the district court's judgment and remand Upchurch's case to the district court for resentencing in light of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).  *United States v. Upchurch*, No. 20-4014 (4th Cir. Aug. 12, 2021) (unpublished order).  The district court resentenced Upchurch to 57 months' imprisonment and 3 years of supervised release, and Upchurch now appeals the amended judgment.

In the instant appeal, Upchurch argues that the district court erred by pronouncing at resentencing the special condition of supervised release that he submit to certain searches by probation or law enforcement upon reasonable suspicion, which differs from the written amended judgment's special condition requiring him to consent to suspicionless searches. The Government argues that the reasonable suspicion requirement orally imposed by the district court does not apply to searches by any probation officer in the lawful discharge of

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply in this case, however, because Upchurch's offense was committed before the June 25, 2022, amendment to the statute.

the officer's supervision functions, which matches the language in the written amended judgment. We vacate Upchurch's sentence and remand to the district court for a second resentencing.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). Based on the inconsistency between the oral pronouncement and written amended judgment, the district court did not comply with the rule that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Rogers*, 961 F.3d at 296 (holding that district court has a "duty to orally pronounce any discretionary conditions [of supervised release] included as part of a defendant's sentence").

Regarding the Government's explanation of the inconsistency, although part of the district court's oral pronouncement of the special condition matches the written condition in the amended judgment, the district court's reasonable suspicion requirement for searches "concerning a violation of a condition of supervised release or unlawful conduct" is absent from the amended judgment. (J.A. 80).[2] Rather, the amended judgment does not require reasonable suspicion for any search of Upchurch, his location, or his belongings by a probation or law enforcement officer during Upchurch's supervised release. *Compare* J.A. 80 *with* J.A. 90. Where, as here, the district court's oral pronouncement is inconsistent with a discretionary condition of supervised release that is later included in the written

---

[2] "J.A." refers to the joint appendix.

3

judgment, the sentence constitutes reversible *Rogers* error, and the defendant's sentence must be vacated in its entirety and the case remanded for resentencing. *See Singletary*, 984 F.3d at 346 & n.4; *cf. Cisson*, 33 F.4th at 194 n.6 (noting where government failed to offer explanation of alleged inconsistency between district court's oral pronouncement of discretionary condition and written condition in judgment required vacating sentence and remanding for resentencing).[3]

Accordingly, we vacate Upchurch's sentence and remand for a second resentencing in accordance with *Rogers* and *Singletary*. In light of the impending conclusion of Upchurch's term of incarceration, the mandate shall issue forthwith so the district court may proceed with resentencing without delay. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] This Court recently decided *United States v. Locklear*, No. 21-4161, 2023 WL 2300394 (4th Cir. Mar. 1, 2023), and held that, in the context of an unobjected to discrepancy between the written judgment and oral pronouncement of a condition of supervised release, a limited remedy of remand to correct the judgment is appropriate, *id*. at *2. Unlike in *Locklear*, here, the Government attempts to explain the inconsistency between the district court's oral pronouncement and written amended judgment, and Upchurch counters the Government's explanation. Therefore, the facts of this case do not support the application of a limited remand remedy.

4