**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4926

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLYDE ALLEN WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:17-cr-00843-TMC-1)

Submitted: August 31, 2022                                    Decided: June 26, 2023

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Corey F. Ellis, United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Allen Williams appeals his sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). The district court sentenced Williams to 100 months' imprisonment followed by 3 years of supervised release. On appeal, Williams asserts that (1) one of the discretionary conditions of supervised release in his written judgment is inconsistent with the court's oral announcement of that condition at sentencing, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); (2) the court failed to orally pronounce all of the discretionary supervised release conditions that appear in the written judgment, also in violation of *Rogers*; and (3) his sentence is procedurally unreasonable. For the reasons that follow, we vacate Williams' sentence and remand for resentencing.

In *Rogers*, we held that a district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 295-99). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (citing *Rogers*, 961 F.3d at 295, 300-01).

When, as here, "a defendant claims that a district court committed a *Rogers* error, we review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up). That is, we "compare[] the sentencing transcript with the written judgment to determine whether

an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).

At the sentencing hearing, the district court announced a discretionary condition of supervised release concerning the probation office to which Williams must report upon his release from custody. We have reviewed the record and conclude that the court's oral pronouncement "did not match the description of that condition in the written judgment." *Cisson*, 33 F.4th at 191. Moreover, although the Government contends that the oral and written conditions are consistent despite their facial differences, Williams strongly contests the Government's proffered explanation. Therefore, unlike in *Cisson*, where we upheld facially dissimilar supervised release conditions because the defendant did not contest the Government's proffered explanation for why the conditions were consistent, *id.* at 194, here, we may not disregard the differences between the oral and written descriptions of the probation district to which Williams must report.

"[W]here the description of a condition in an oral sentence d[oes] not match the description of that condition in the written judgment, that error alone is reversible *Rogers* error." *Id.* at 191 (internal quotation marks omitted). We therefore vacate and remand for resentencing. Furthermore, because the sentence must be vacated in its entirety, we decline to address Williams' remaining challenges to the district court's oral announcement of his original sentence and the procedural reasonableness of that sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to sentence where *Rogers* error necessitated vacatur and remand). We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*