**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4292**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FELICIANO DE JESUS DIAZ-MARTINEZ, a/k/a Alex,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:19-cr-00358-ELH-1)

_____

Submitted:  January 31, 2023                 Decided: November 14, 2023

_____

Before RICHARDSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**:  Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Mary W. Setzer, P. Michael Cunningham, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Feliciano De Jesus Diaz-Martinez of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b)(2), (c); enticement of a minor to engage in prostitution, in violation of 18 U.S.C. § 2422(b); seven counts of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a), (b)(1); conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846; and two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Diaz-Martinez to a downward variant sentence of 324 months' imprisonment. Diaz-Martinez appeals, arguing that the nonmandatory conditions of supervised release contained in his written judgment do not conform to those announced at sentencing and that the district court failed to properly account for the time he spent in Immigration and Customs Enforcement (ICE) custody in fashioning its sentence. For the reasons that follow, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). We first must "ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider its substantive reasonableness under

a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Diaz-Martinez argues that his sentence is unreasonable because the district court did not properly account for his time spent in ICE custody during his pretrial detention in fashioning his sentence. However, in discussing this issue, the district court merely noted that the Bureau of Prisons makes the final decision as to what credit an inmate receives toward his sentence, a correct statement of law. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) (explaining that computation of prior custody credit "must occur after the defendant begins his sentence," so a district court cannot award such credit at sentencing). Furthermore, although the court included the time-served credit in the judgment, it correctly acknowledged that Diaz-Martinez ultimately "may or may not get credit from that date." (J.A. 99).[*] Finally, the court generally discussed Diaz-Martinez's otherwise "unusually long" pretrial detention and the unique challenges posed by this lengthy detention, suggesting that the court accounted for Diaz-Martinez's entire pretrial detention when deciding to vary below the advisory Guidelines range. (J.A. 99-100). Accordingly,

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

we discern no abuse of discretion in the district court's consideration of this sentencing argument.

We further conclude that the district court's explanation of Diaz-Martinez's sentence otherwise reflects a clear and thorough consideration of the § 3553(a) factors and the parties' arguments and that Diaz-Martinez otherwise fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, his sentence is both procedurally and substantively reasonable.

In addition to the procedural and substantive requirements of sentencing, "a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (citing *United States v. Rogers*, 961 F.3d 291, 295, 300-01 (4th Cir. 2020)). We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). That is, we "compare[] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).

At the sentencing hearing, the district court began by adopting the mandatory and standard conditions contained in the presentence report (PSR). The court then announced that it was adopting four of the special conditions set forth in the PSR, and the written descriptions of the special conditions included in the written judgment match the language

4

of the corresponding recommended conditions in the PSR.  Any variation in the court's oral pronouncement of these conditions did not amount to a meaningful modification of the conditions but rather a justification for their inclusion.  Furthermore, to the extent that "the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent."  *Rogers*, 961 F.3d at 299.  Given that Diaz-Martinez had notice of the proposed special conditions through the PSR, the adopted conditions matched those in the PSR, and any potential ambiguity in the oral sentence was clarified in the written judgment, we conclude that there was no *Rogers* error.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*