**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4623

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HIA-KEEM DON'AE RICE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:20-cr-00041-FL-1)

Submitted:  September 29, 2023                    Decided: November 15, 2023

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hia-Keem Don'ae Rice pleaded guilty, pursuant to a written plea agreement, to knowingly possessing a firearm having been previously convicted of a felony, in violation of 18 U.S.C §§ 922(g)(1), 924. The district court sentenced Rice to 110 months' imprisonment and a three-year term of supervised release. On appeal, Rice asserts that the district court erred by not announcing at sentencing all of the standard conditions of supervised release that were imposed in his criminal judgment. We have reviewed the record and find no reversible error.

"[A] district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (citing *United States v. Rogers*, 961 F.3d 291, 300-01 (4th Cir. 2020)). To "satisfy its obligation to orally pronounce discretionary conditions," a district court may do so "through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "We review the consistency of [a defendant's] oral sentence and the written judgment de novo." *Id.* at 296; *see United States v. Cisson*, 33 F.4th 185, 192-93 (4th Cir. 2022).

The written plea agreement contained a provision that Rice would abide by the standard conditions of supervised release as adopted in the Eastern District of North

2

Carolina in Standing Order 21-5.[*]  At the sentencing hearing, the district court explained that all of the standard conditions of supervised release were appropriate in this case and that Rice was required to abide by them.  Thus, we conclude that the court incorporated by reference the standard conditions of supervised release, and there was no ambiguity about which standard conditions the district court was imposing.  *See Cisson*, 33 F.4th at 194.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The Eastern District of North Carolina has a standing order listing the 13 standard conditions of supervised release, which are the same as the conditions listed in U.S. Sentencing Guidelines Manual § 5D1.3 (2021).  21-SO-5 (E.D.N.C. May 6, 2021), available at http://www.nced.uscourts.gov/data/StandingOrders/21-SO-5.pdf (last accessed Sept. 27, 2023).