**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4335

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN MARCUS MCCALL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:18-cr-00039-BHH-1)

Submitted:  November 30, 2023                    Decided:  January 17, 2024

Before KING and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Howard W. Anderson III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Marcus McCall pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base, cocaine, and heroin, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A).  The district court sentenced McCall to 157 months' imprisonment, followed by a five-year term of supervised release, and he now appeals.

On appeal, McCall asserts that the district court erred by including in the written judgment conditions of supervised release that were not orally pronounced at sentencing. The Government moves to dismiss the appeal as barred by the appellate waiver contained in McCall's plea agreement.  Rather than contesting the validity of the waiver, McCall contends that his argument on appeal falls outside the waiver's scope.  For the following reasons, we deny the Government's motion but affirm the criminal judgment.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."  *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)).  A valid appeal waiver does not preclude a defendant from asserting a *Rogers* claim.  *See Singletary*, 984 F.3d at 345.  Thus, the waiver in McCall's plea agreement does not bar review of the issue he raises on appeal, and we therefore deny the Government's motion to dismiss the appeal.

2

Turning to the merits, we review McCall's claim of *Rogers* error de novo. *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). As is relevant here, a district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299.

McCall contends that the district court failed to orally announce or incorporate the 13 standard conditions of supervised release listed in the criminal judgment. Our holding in *Cisson* forecloses this claim. In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted). We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2023). "Thus, there [wa]s no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions." *Cisson*, 33 F.4th at 194. Because there were no other standard conditions of supervision to which the district court could have been referring in this case, and McCall's judgment does not impose any additional discretionary conditions of supervised release that were not incorporated in the court's oral pronouncement, we conclude that the district court sufficiently pronounced the standard conditions of supervision. *See id.*

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*