**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4301**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

GREGORY WARREN DANIELS,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00355-D-1)

───────────

Submitted:  January 30, 2024                    Decided:  February 7, 2024

───────────

Before GREGORY and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

───────────

**ON BRIEF:** Christopher S. Edwards, WARD & SMITH, PA, Wilmington, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Warren Daniels appeals his convictions and 264-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and distribution of a quantity of crack cocaine, in violation of § 841(a)(1), (b)(1)(C). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in denying Daniels' motion to withdraw his guilty plea. In his pro se supplemental brief, Daniels contends that his first attorney provided ineffective assistance and that a federal agent told him that the agent would speak to the prosecutor about getting him a lower sentence or dropping charges. The Government moves to dismiss the appeal as barred by the appeal waiver in Daniels' plea agreement but concedes that the challenge to the denial of the motion to withdraw falls outside the scope of the valid appeal waiver. We affirm in part, dismiss in part, and remand with instructions to correct the criminal judgment.

To the extent Daniels challenges in his pro se brief the validity of his guilty plea, his appeal waiver does not bar that claim. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (noting that an appeal that "goes to the propriety of the guilty plea itself . . . is not barred by [an appeal] waiver" (internal quotation marks omitted)). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum

2

penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Daniels' claim regarding the federal agent's alleged statement is belied by the record. Moreover, at the plea hearing, the magistrate judge[*] fully complied with Fed. R. Crim. P. 11 in accepting Daniels' plea and ensured that the plea was knowing and voluntary and supported by a sufficient factual basis. We therefore conclude that the plea is valid.

Next, we review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012); *see id.* at 384 (discussing factors courts consider in evaluating a motion to withdraw a guilty plea). A defendant may withdraw a plea accepted by the court before the imposition of sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no absolute right to withdraw a guilty plea," *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted), and "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal

---

[*] Daniels consented to proceed before a magistrate judge at the plea hearing.

3

quotation marks omitted).  "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn," *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted).  Our review of the record on appeal convinces us that Daniels did not meet his burden and that the district court did not abuse its discretion by denying his motion to withdraw his guilty plea—a  motion that was filed 14 months after the entry of his plea.

Daniels also raises several claims of ineffective assistance of counsel.  Although the appeal waiver in the plea agreement permits Daniels to assert those claims on appeal, they generally are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record.  *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc).  Instead, ineffective assistance claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255, *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), to permit sufficient development of the record, *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  We conclude that ineffective assistance does not conclusively appear on the present record.

Our review of the record pursuant to *Anders* did, however, uncover one issue with Daniels' supervised release conditions.  In imposing Daniels' supervised release conditions at sentencing, the district court ordered Daniels to support his children, while the written judgment requires Daniels to support his dependents.  A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020).  And we have explained that inconsistency between the descriptions of a supervised release condition announced at sentencing and in

the written judgment may constitute reversible *Rogers* error where the government fails to explain the alleged inconsistency. *United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022). However, in the context of this record, which reflects no dependents other than Daniels' children, it is clear that the district court's intention was to require Daniels to support his children. In these circumstances, "[t]he proper remedy is for the [d]istrict [c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal as to any nonfrivolous issues that fall within the scope of the valid appeal waiver. We also affirm the denial of Daniels' motion to withdraw his guilty plea and remand to the district court for the limited purpose of correcting the written judgment to conform with the court's oral pronouncement that Daniels support his children, leaving the judgment—including the sentence and remaining conditions of supervised release—undisturbed.

This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because

5

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*