**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4321

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAN MATTES WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00021-NCT-1)

Submitted:  September 29, 2023                    Decided:  February 14, 2024

Before AGEE and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Mattes Williams appeals the revocation of his supervised release and the district court's imposition of a sentence of 24 months' imprisonment plus 18 additional months of supervised release. Williams' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court imposed a plainly unreasonable revocation sentence. Upon reviewing the record, we ordered the parties to file supplemental briefs addressing whether the court's announcement of the special conditions of supervised release presented a reversible error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). Having reviewed the parties' submissions, we vacate and remand for resentencing.

In *United States v. Rogers*, we held that a district court must pronounce, either expressly or "through incorporation," all discretionary conditions of supervised release at the sentencing hearing. 961 F.3d at 296-99. Discretionary conditions of supervised release that appear for the first time in a written judgment are nullities; a defendant has not been sentenced to these conditions, warranting vacatur and a remand for resentencing. *Singletary*, 984 F.3d at 344, 346 n.4 (citing *Rogers*, 961 F.3d at 295, 300-01). We review de novo the consistency of a defendant's oral sentence with the written judgment. *Rogers*, 961 F.3d at 296.

At the revocation hearing, the district court orally announced a special condition of supervised release requiring Williams to submit to warrantless searches. The written description of this condition, which additionally requires Williams to warn residents that

2

he is subject to warrantless searches, is inconsistent with the court's oral pronouncement. Further, this inconsistency constitutes reversible *Rogers* error. *See United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022) (noting that "where the description of a condition in an oral sentence [does] not match the description of that condition in the written judgment, that error alone is reversible *Rogers* error," at least where the Government offers no explanation for the discrepancy (internal quotation marks omitted)).

Accordingly, we vacate Williams' revocation sentence and remand for resentencing. In light of our holding, we do not address whether the district court imposed a plainly unreasonable sentence or whether the court adequately announced the remaining special conditions of supervised release. *See Singletary*, 984 F.3d at 346-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3