**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4650**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SAMUEL SULLIVAN, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:21-cr-00460-TDC-1; 1:10-cr-00223-TDC-2)

———————

Submitted: February 17, 2026                       Decided: April 6, 2026

———————

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Michael F. Smith, THE SMITH APPELLATE LAW FIRM, Sykesville, Maryland, for Appellant. Erek L. Barron, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Sullivan, Jr., pled guilty, pursuant to a plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a), Hobbs Act robbery and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In his plea agreement, Sullivan also admitted violating the conditions of his supervised release for prior robbery and firearm convictions. The district court sentenced Sullivan to 252 months' imprisonment for his new convictions and imposed a consecutive revocation sentence of 36 months' imprisonment, for a total sentence of 288 months' imprisonment.

The district court also imposed a five-year term of supervised release to follow Sullivan's term of imprisonment for his new convictions. As for the conditions of supervised release, Sullivan's counsel agreed that the district court could dispense with reading aloud the mandatory and standard conditions. Accordingly, the district court ordered Sullivan to comply with the mandatory and standard conditions without articulating them during the hearing. Finally, the district court imposed five special conditions of supervised release, which it pronounced at the hearing.

In his opening brief, Sullivan argues that the district court violated *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), by not orally pronouncing the discretionary conditions of supervised release included in the written judgment. The Government responds that the district court fully complied with *Rogers*: it orally pronounced the special

2

conditions and incorporated the standard conditions by reference.[*]  In his reply brief, Sullivan concedes that the district court read the special conditions at the sentencing hearing.  But he contends that the district court did not adequately incorporate the standard conditions because it did not expressly adopt the conditions listed in his presentence report (PSR), the District of Maryland's standing order, District of Maryland Standing Order 2020-13, Misc. No. 00-308 (filed June 10, 2020), or the Sentencing Guidelines, U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2021).

In *Rogers*, we held that a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  961 F.3d at 297.  This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures that the defendant has an opportunity "to avoid the imposition of unwarranted [supervised release] conditions," *id.* at 298.  We review claims of *Rogers* error de novo, *United States v. Smith*, 117 F.4th 584, 604-05 (4th Cir. 2024), *cert. denied sub nom. Alcorn v. United States* , 145 S. Ct. 1340 (2025), and the usual remedy is to vacate the defendant's sentence in its entirety and remand for a full resentencing, *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024).

Relevant here, a district court may satisfy its obligation of oral pronouncement "through incorporation . . . and then detailing those conditions in the written judgment."

---

[*] The Government first argues that Sullivan's claim of *Rogers* error is barred by his knowing and voluntary appellate waiver in his plea agreement.  However, the Government correctly acknowledges that this argument is foreclosed by *United States v. Singletary*, 984 F.3d 341, 344-45 (4th Cir. 2021).

*Rogers*, 961 F.3d at 299.  For example, the district court may incorporate "a written list of discretionary conditions of supervised release, such as the recommendations of conditions of release that have been spelled out in the defendant's PSR, or those established by a court-wide standing order." *Smith*, 117 F.4th at 604.  But "an adoption of proposed conditions of supervised release by a sentencing court . . . requires those conditions to be expressly incorporated." *Id.* at 606.  Failure to properly incorporate conditions by reference is reversible error.  *See id.* at 607.

Sullivan is correct that the district court imposed the standard conditions of supervised release without explicitly stating that it was imposing the standard conditions listed in his PSR, in the District of Maryland's standing order, or the Guidelines.  And in some cases, we have found that a district court's failure to identify the specific set of conditions it was incorporating was reversible *Rogers* error due to the ambiguity this omission created.  *See, e.g.*, *Smith*, 117 F.4th at 605-07; *United States v. Bullis*, 122 F.4th 107, 119 (4th Cir. 2024).

Here, however, there was no ambiguity because the standard conditions in Sullivan's PSR, the District of Maryland's standing order, and the Guidelines are identical. *See United States v. Nji*, 159 F.4th 259, 275-76 (4th Cir. 2025) (describing match between District of Maryland's standing order and Guidelines).  In other words, when the district court imposed the standard conditions of supervised release, it imposed the only set of standard conditions available—that is, the set listed in Sullivan's PSR, the District of Maryland's standing order, and the Guidelines.  *See United States v. Cisson*, 33 F.4th 185, 194 (4th Cir. 2022) (concluding that district court did not commit *Rogers* error by imposing

4

"the 'standard' conditions of supervised release" because there was "no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions"). Accordingly, we conclude that the district court did not commit a reversible *Rogers* error.

Sullivan also argues that counsel rendered ineffective assistance by agreeing to dispense with the oral pronouncement of the standard conditions of supervised release. We review de novo an ineffective assistance of counsel claim made on direct appeal and "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (citation modified). Because the record does not conclusively establish that counsel rendered ineffective assistance, this "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5