**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 18-4893**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINSON THOMPSON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00670-JFA-1)

─────────────

Submitted:  January 6, 2026                          Decided:  April 21, 2026

─────────────

Before GREGORY and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Vinson Thompson pled guilty pursuant to a plea agreement in 2018 to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), the district court determined that he had three previous convictions for a serious drug offense "committed on occasions different from one another" ("the different occasions" issue or element) thus qualifying him for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The district court sentenced Thompson to 180 months' imprisonment—the mandatory minimum prison term under the ACCA—and 3 years' supervised release. The Government did not allege in the indictment that Thompson had three ACCA-qualifying predicate convictions that were committed on different occasions, and the district court did not advise Thompson during the guilty plea colloquy of his right to have a jury resolve the different occasions issue.

On appeal from the criminal judgment, Thompson challenges his sentence, arguing in a motion for summary disposition that there is error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), because the district court did not adequately announce the standard conditions of supervised release at sentencing, its oral pronouncement of the condition requiring that he report to a probation office following his release from custody is inconsistent with the reporting condition in the written judgment, and it did not give an explanation why the discretionary conditions of supervised release were being imposed. We deferred action on Thompson's motion for summary disposition pending the completion of formal briefing, held this appeal in abeyance for *United States v. Brown*,

2

136 F.4th 87 (4th Cir.), *cert. denied*, No. 25-5743, 2025 WL 3131959 (Nov. 10, 2025), and the parties filed their formal briefs.

In his briefing, Thompson again challenges his sentence, arguing that the district court plainly erred by resolving the different occasions issue at sentencing and imposing an enhanced sentence under the ACCA because he was not advised that the act's different occasions element was an element required to be admitted by him or decided by a jury beyond a reasonable doubt. Thompson bases this challenge on *Erlinger v. United States*, 602 U.S. 821 (2024). There, the Supreme Court held that defendants are "entitled to have a jury resolve [the] ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Id.* at 835. Error under *Erlinger* is present where the Government fails to allege in the indictment that the defendant had three previous convictions for ACCA-qualifying offenses that were "committed on occasions different from one another" and where the district court fails to advise the defendant, during his guilty plea colloquy, of the right to have a jury resolve the different occasions issue. *Brown*, 136 F.4th at 92. Thompson asserts that there is "reasonable doubt" in this case whether the different occasions element can be proven and that, if he had been advised of the different occasions issue and his right to have a jury decide it, the record shows that he would not have pled guilty to "the ACCA portion" of his conviction. The error in failing to so advise him, he continues, should be remedied by a vacatur of his sentence and a remand with an instruction that the district court impose a prison sentence of no greater than 120 months—the statutory maximum prison term he faces if the ACCA does not apply. As explained, we deny Thompson's motion for summary disposition and affirm the criminal judgment.

3

Because Thompson did not attempt to withdraw his guilty plea or otherwise object to the guilty plea colloquy or indictment in the district court on the basis that they failed to identify or advise about the different occasions issue, we consider his *Erlinger* challenge "under the rigorous plain error standard." *United States v. Solis-Rodriguez*, 144 F.4th 617, 623 (4th Cir. 2025) (internal quotation marks omitted), *petition for cert. filed*, No. 25-6431 (U.S. Dec. 23, 2025).  To succeed on review for plain error, Thompson "must show (1) an error occurred; (2) the error was plain or obvious; and (3) the error affected his substantial rights." *Id.*  To show that an error in his guilty plea colloquy affected his substantial rights, Thompson "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 624 (internal quotation marks omitted).  Even if Thompson makes these showings, "we will exercise our discretion to correct the error only if a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

Thompson, we conclude, has established that plain *Erlinger* error occurred. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (recognizing error is plain when it is "clear or obvious at the time of appellate consideration" and that error is so if "settled law of the Supreme Court or this circuit establishes that an error occurred" (citation modified)).  The district court resolved the different occasions issue at sentencing and imposed an ACCA-enhanced sentence even though the indictment did not allege Thompson had three ACCA-qualifying predicate convictions that were committed on different occasions and it had not advised Thompson during the guilty plea colloquy of his

4

right to have a jury resolve the different occasions issue. The decisions in *Erlinger* and *Brown* establish that this error is clear or obvious and therefore is plain.

Turning to the third prong, we conclude after considering the parties' briefs and reviewing the entire record against our precedent, *see Solis-Rodriguez*, 144 F.4th at 624-26 (detailing § 922(g) cases where district court failed to mention potential applicability of ACCA at plea colloquy); *Brown*, 136 F.4th at 97-99,[*] that Thompson has not made a sufficient showing that he would have proceeded to a trial absent the *Erlinger* error here. Thompson was informed during the guilty plea colloquy and in his plea agreement of the possibility he could face a 15-year minimum prison term if the ACCA's requirements applied, and he chose to plead guilty. Thompson never objected to or moved to withdraw his guilty plea, and he did not express any surprise at sentencing when faced with the prospect of receiving the 15-year minimum prison term. He also did not contest the accuracy of the criminal history information in his presentence report (PSR) that provided the basis for the district court's different occasions finding. Further, we conclude that the criminal history information in the PSR is sufficiently overwhelming that Thompson would not have considered exercising his jury trial right just so he could argue to a jury that two of his predicate convictions—which were separated by months' long gaps in time—were

---

[*] Thompson also argues that *Brown* was wrongly decided and that this court erred there in applying the standard of review. We reject these arguments. *Brown* binds this panel, *see Warfaa v. Ali*, 811 F.3d 653, 661 (4th Cir. 2016), and even if we agreed with Thompson, "we 'cannot overrule a decision issued by another panel,'" *United States v. Green*, 67 F.4th 657, 670 (4th Cir. 2023) (quoting *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc)).

5

somehow part of the same episode or event.  *Cf. Brown*, 136 F.4th at 99 (noting that "the word occasion in [the] ACCA should be given its ordinary meaning—that is, essentially an episode or event" (internal quotation marks omitted)); *Wooden v. United States*, 595 U.S. 360, 369 (2022) (emphasizing that "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion," while "offenses separated by substantial gaps in time or significant intervening events" will not).  Accordingly, the *Erlinger* error here did not affect Thompson's substantial rights.

Turning to Thompson's claims of error under *Rogers*, "a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 295-99).  A district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation – by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344 (citing *Rogers*, 961 F.3d at 295, 300-01).

Thompson contends that *Rogers* error is present because the district court orally ordered him to comply with "the mandatory and standard [discretionary] conditions of supervision outlined in Section 3583(d) of Title 18" but failed to list the discretionary conditions being imposed or to incorporate the conditions with reference to another

6

document.  We review these claims de novo, *United States v. Smith*, 117 F.4th 584, 604-05 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1340 (2025), and conclude that they are foreclosed by our decision in *United States v. Cisson*, 33 F.4th 185 (4th Cir. 2022).

In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." *Id.* at 194 (emphasis omitted). We observed that the District of South Carolina (which is the district court at issue here) has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines.  *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2016).  "Thus, there [was] no other set of 'standard' conditions to which the [district] court could have been referring other than the Guidelines 'standard' conditions."  *Cisson*, 33 F.4th at 194.  Because there were no other standard conditions of supervision to which the district court could have been referring in this case, the district court sufficiently pronounced through incorporation the 13 standard discretionary conditions in the Guidelines that are detailed in the criminal judgment.  *See id.*  Thompson, we also note, has not raised any claims of inconsistency between the two additional discretionary conditions that appear in the criminal judgment and the district court's oral pronouncement of them.

Thompson also asserts that *Rogers* error is present because the district court's oral pronouncement of the discretionary condition requiring him to report to a probation office following his release from custody is inconsistent with the reporting condition in the judgment.  We review this claim de novo as well.  *United States v. Lassiter*, 96 F.4th 629, 639 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024).  We conclude that the district court's

7

oral pronouncements of this discretionary condition are ambiguous. We thus look to the criminal judgment to discern the district court's intent. *See Rogers*, 961 F.3d at 299; *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003). Here, the reporting condition present in the judgment corresponds with the condition in the Guidelines the district court orally incorporated. Accordingly, *Rogers* error is not present in this regard.

Finally, Thompson asserts that *Rogers* error is present because the district court failed to explain why each discretionary condition of supervised release was being imposed. We reject this claim. A claim that the district court failed to explain why each discretionary condition was being imposed is a claim of procedural sentencing error with respect to that condition, *see, e.g.*, *United States v. McMiller*, 954 F.3d 670, 675-77 (4th Cir. 2020), not a claim of error under *Rogers*. Thompson's assertion that the district court failed to explain why discretionary conditions were being imposed does not, contrary to his argument, establish the presence of *Rogers* error.

Pursuant to the foregoing, we deny Thompson's motion for summary disposition and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*